(84 Misc. Rep. 412)

### MILLER v. SAMSON.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT—SETTING ASIDE.

A judgment by default in the Municipal Court of the City of New York will not be opened where the only excuse offered was that defendant's attorney handed plaintiff an affidavit to present when the cause should be called, which showed that he was in the City Magistrates Court for a client upon whom summons had been served, and, though plaintiff said that he would object to a postponement, he presented the affidavit and stated the circumstances under which he received it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Isaac L. Miller against Warren L. Samson. From a judgment for plaintiff and an order refusing to open his default and vacate the judgment, defendant appeals. Affirmed.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Osmond K. Fraenkel, of New York City, for appellant.

Miller & Hartcorn, of New York City (Isaac L. Miller, of New York City, of counsel), for respondent.

SEABURY, J. This is an action to recover one month's rent. The answer pleaded an alleged constructive eviction and a counterclaim, although the facts upon which the claim of eviction are predicated are not set forth. The trial was several times adjourned until December 10, 1913. On that day judgment by default was entered against the defendant. The defendant moved to open his alleged default, and this motion was denied. From the order denying his motion, the defendant appeals to this court.

The only pretense offered in lieu of an excuse is that defendant's attorney, knowing that the case was upon the Municipal Court calendar, desired to appear in the City Magistrates Court on behalf of a client upon whom a summons had been served. When defendant's attorney decided not to appear, he handed the plaintiff an affidavit showing that he was going to the Magistrates Court, and asked the plaintiff to present the affidavit to the court when the cause was called. The plaintiff told the defendant's attorney that he would present the affidavit, if desired, but that he would strenuously oppose an adjournment of the case because the case had been upon the calendar several times, and several of his witnesses were in court having come a long distance to be present. The defendant's attorney went to the Magistrates Court, and paid no further attention to the case pending in the Municipal Court. When the case was called, the plaintiff presented the affidavit of the defendant's attorney to the court, and stated the circumstances under which he had received it. The court ordered that an inquest be taken.

Instead of excusing his own negligence, the attorney for the defendant impugns the action of the plaintiff. It seems to us that the plaintiff acted with entire fairness. He did more than he was obligated to do, and all that he told the defendant's attorney he would do. No meritorious excuse for the default was offered in the court below, and the defendant's motion was properly denied.

In Herbert v. Lorenzen, 113 App. Div. 802, 99 N. Y. Supp. 937, Mr. Justice Gaynor said:

"The practice of opening defaults as a matter of course should not be continued. Such practice has lowered respect for and injured the administration of justice, and is also a wrong to diligent attorneys and litigants who conform to the rules of court, and are entitled to the protection and favor of the court against the opposite kind of attorneys and litigants. * * * They are not defaults, but abandonments."

This language is applicable to the facts now before the court and enunciates the rule in reference to these cases which, in the absence of meritorious excuse, this court will follow.

Order appealed from affirmed, with costs. All concur.