### BERNSTEIN et al. v. HARRIS et al.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT—OPENING—GROUNDS.

Where, on the call of the calendar, both sides to a cause answered "Ready," and when reached the clerk of defendant's attorney stated that the attorney was on his way to the court, but there was no proof of any prior engagement of defendant's counsel, the refusal of a continuance and the permitting of the taking of an inquest was proper, and the default could not be set aside on mere proof that defendant's counsel was em-

---

ployed in a bankruptcy proceeding, but believed that the proceeding would terminate in time to enable him to appear at the trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Bernstein and another, copartners doing business under the firm name and style of Bernstein & Marcus, against Samuel Harris and others. From an order denying a motion to open a default, defendants appeal. Affirmed.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

I. Gainsburg, of New York City (Henry Pearlman, of counsel), for appellants.

Max Halplerin, of New York City, for respondents.

PER·CURIAM. The defendants appeal from an order denying a motion to open their default. The facts are not disputed. The case appeared upon the Municipal Court calendar for trial on February 2, 1914, and upon the call of the calendar both sides answered "Ready." It was regularly reached about 11:30 a. m., and was assigned to Part 1 of the court for trial. A clerk of the defendants' attorney then stated to the justice sitting in that part that defendants' attorney was on his way to court, and thereupon the case was sent back to Part 2. Thereafter the case was again called for trial, and the clerk of the defendants' attorney made the same statement to the court; but a further continuance was refused, and the plaintiffs took an inquest.

No affidavit or other proof of engagement of counsel in any other court was submitted to the justice in the court below. From the affidavits used upon the hearing of the motion to open the default it appears that the defendants' counsel was employed as attorney in a bankruptcy proceeding in the United States court in which a hearing had been set down for February 2, 1914, and that, as he swears, "he verily believed would have terminated by 11 a. m., before which time I was confident the above case (the one at bar) would not have been reached for trial; * * * but the hearing in said bankruptcy court did not terminate until some time after 11 a. m." He further states that his clerk telephoned to his office and ascertained that he was still engaged in the bankruptcy proceeding.

Under these circumstances the court below was justified in refusing a further continuance of the action. There was no proof before the court of any prior engagement of defendants' counsel, and the moving papers do not show that the engagement of defendants' attorney in the bankruptcy court was prior to that in the case at bar. To obtain an adjournment or continuance of a trial, there must be some facts shown which would warrant the granting of the request, and if the defendant appears upon the adjourned day and, having full knowledge of good reasons for an adjournment, offers none, that he had such reason should not be considered upon a motion to open his default. Actual

engagement of attorneys in another court is undoubtedly good ground for an adjournment of a case, and if upon proof of that fact an adjournment is refused a default should be opened without terms.

In the case at bar both the attorney and his clerk were aware of the engagement of the attorney in the bankruptcy court, but no proof of that fact was offered to the court below. The attorney says in his brief that the judgment herein has been paid, and that therefore no harm or injury can be done the plaintiffs if the default of the defendants should be opened, "which default has been occasioned through the negligence or carelessness of their attorney." The rights of the plaintiffs must, however, be considered, and diligent attorneys and litigants, who conform to the practice of the court, are entitled to its protection. Herbert v. Lorenzen, 113 App. Div. 802, 99 N. Y. Supp. 937; Miller v. Samson, 146 N. Y. Supp. 132. In this last case this court laid down a rule which it announced it would follow, and the facts in that case are very similar to those in the case at bar.

We think the court below did not abuse its discretion in refusing to open the defendants' default, and the order should be affirmed.