### SCHINDLER v. MISROCH.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

1. COURTS ⊆189(15)—MUNICIPAL COURT—DEFAULTS—VACATION.

As plaintiff may commence a new action, a default judgment entered against plaintiff for nonappearance of counsel will not be vacated, where no affidavit of engagement was presented when the case was called, and a prior default of plaintiff had already been set aside, though plaintiff's counsel appeared a few hours after default was entered.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⊆189(15).]

2. COURTS ⊆189(15)—MUNICIPAL COURT—DEFAULTS.

That plaintiff's counsel was engaged before a justice sitting in the Children's Court is no ground for setting aside a default entered in the Municipal Court for nonappearance of counsel.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⊆189(15).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Eva Schindler against Abraham Misroch. From an order granting a motion to open plaintiff's default, defendant appeals. Order reversed, motion denied, and judgment reinstated.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Moss, Marcus & Wels, of New York City (Isidor Wels, of New York City, of counsel), for appellant.

Charles S. Rosenthal, of New York City, for respondent.

WEEKS, J. The action, which is to recover damages for personal injuries, was commenced in September, 1915, and was finally set for trial for November 9, 1915, on which day it was dismissed, because of the nonappearance of plaintiff's attorney. This dismissal was vacated and the case set down for trial for November 24, 1915. When the case was called on that day the representative of plaintiff's at-

torney requested that the action be held until the attorney arrived, but no affidavit of engagement was presented to the trial justice, and the case was sent out, and the complaint dismissed.

From the affidavit used upon the hearing of the motion to open the default it appears that the plaintiff's attorney was "detained at the Fifth District Municipal Court before Justice Coleman for a short time, and was actually on trial before Justice Mayo in a case of Fogel which occupied his time until about 10:30 a. m.," and that he arrived at court at 11 o'clock. Application to vacate the judgment and restore the case was not made until November 29, 1915, by notice of motion returnable December 6, 1915, before another justice.

[1, 2] In view of the fact that the dismissal of the complaint would not prevent plaintiff from commencing another action, and that one default of plaintiff had already been opened, and that no affidavit of engagement was presented, the court was justified in refusing to hold the case. Anderson v. Lazarowitz (Sup.) 142 N. Y. Supp. 304. The moving papers failed to show any engagement that entitled plaintiff to a postponement, as Justice Mayo was then sitting in the Children's Court. Miller v. Samson, 84 Misc. Rep. 412, 146 N. Y. Supp. 132. In the case last cited this court announced that in the absence of meritorious excuse it would follow the rule as stated by Mr. Justice Gaynor in Herbert Land Co. v. Lorenzen, 113 App. Div. 802, 99 N. Y. Supp. 937:

"The practice of opening defaults as a matter of course should not be continued. Such practice has lowered respect for and injured the administration of justice, and is also a wrong to diligent attorneys and litigants, who conform to the rules of court and are entitled to the protection and favor of the court against the opposite kind of attorneys and litigants."

Under the circumstances shown in this case, I am of opinion that the order should be reversed, with $10 costs, and the motion to open the default denied, and judgment reinstated. All concur.